**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000096**
**12-DEC-2023**
**08:12 AM**
**Dkt. 58 SO**

NO. CAAP-20-0000096


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


NATIONSTAR MORTGAGE LLC, Plaintiff-Appellee,
v.
DONNA M. AMINA, AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF
MARY ANN NEULA LIM, also known as MARY A.N. LIM and MARY LIM,
DECEASED, Defendant-Appellant, SECRETARY OF HOUSING AND URBAN
DEVELOPMENT, Defendant-Appellee, and JOHN DOES 1-20; JANE DOES
1-20; DOE CORPORATIONS 1-20; DOE ENTITIES 1-20; AND DOE
GOVERNMENTAL UNITS 1-20, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3CC181000120)


**SUMMARY DISPOSITION ORDER**
(By: Leonard, Presiding Judge, Hiraoka and McCullen, JJ.)

Self-represented Defendant-Appellant Donna M. **Amina**,
personal representative of the estate of Mary Ann Neula **Lim**,
deceased, appeals from the **Judgment** of foreclosure in favor of
Plaintiff-Appellee **Nationstar** Mortgage LLC entered by the Circuit
Court of the Third Circuit on January 29, 2020.[1] We vacate the
Judgment and remand for further proceedings.

Lim died in 2017. On May 22, 2018, Nationstar sued
Amina, Lim's personal representative, to foreclose on a reverse
mortgage of real property owned by Lim. Nationstar moved for
summary judgment and an interlocutory decree of foreclosure.

---

[1] The Honorable Melvin H. Fujino presided.

Amina didn't oppose the motion. The circuit court granted the motion and entered the judgment of foreclosure. Amina filed a timely notice of appeal.

Even if a motion for summary judgment is unopposed, it should be granted only if the movant shows there is no genuine issue of material fact and it is entitled to judgment as a matter of law. U.S. Bank Tr., N.A. v. Verhagen, 149 Hawaiʻi 315, 328 n.12, 489 P.3d 419, 432 n.12 (2021); Arakaki v. SCD-Olanani Corp., 110 Hawaiʻi 1, 6, 129 P.3d 504, 509 (2006) ("[A] party need not affirmatively oppose a motion for summary judgment that fails to show prima facie (1) that the undisputed facts foreclose genuine issues as to any material facts and (2) that the moving party is entitled to judgment as a matter of law." (cleaned up)).

A foreclosing plaintiff must show it had standing to sue when it filed the lawsuit. Verhagen, 149 Hawaiʻi at 327, 489 P.3d at 431. The plaintiff in Verhagen showed it had standing with a declaration showing that the indorsed-in-blank note was sent to plaintiff's counsel "a mere six weeks before the filing of the complaint[.]" Id. at 327-28, 489 P.3d at 431-32. Here, Nationstar's Assistant Secretary (**Randazzo**) submitted a declaration stating that he reviewed the indorsed-in-blank note and authenticating a bailee letter showing that the note was sent to Nationstar's counsel on March 5, 2018, 11 weeks before Nationstar filed its complaint. Cf. Deutsche Bank Nat'l Tr. Co. v. Yata, 152 Hawaiʻi 322, 336, 526 P.3d 299, 313 (2023) (holding that foreclosure plaintiff didn't show standing where it certified it was holder of the note nine months before filing of the complaint, and no bailee letter showed note was sent to plaintiff's counsel). This case is closer to Verhagen than to Yata. Nationstar showed it had standing to foreclose when its complaint was filed.

But Nationstar was not the original lender; **Golden Empire** Mortgage, Inc. dba Senior Independence Hawaii was. Randazzo's declaration attempted to state that Golden Empire's

records for Lim's reverse mortgage had (eventually) been incorporated into those of Nationstar.

> Incorporated records are admissible under [Hawaii Rules of Evidence] Rule 803(b)(6) when a custodian or qualified witness testifies that [1] the documents were incorporated and kept in the normal course of business, [2] that the incorporating business typically relies upon the accuracy of the contents of the documents, and [3] *the circumstances otherwise indicate the trustworthiness of the document*.

Wells Fargo Bank, N.A. v. Behrendt, 142 Hawaiʻi 37, 45-46, 414 P.3d 89, 97-98 (2018) (emphasis added) (citations omitted).

Randazzo's declaration did not show circumstances indicating the trustworthiness of Nationstar's documents. The note that Lim signed had an undated special indorsement[2] from Golden Empire to **"Bank of America,** A National Banking Assoc."
It had an undated blank indorsement by Bank of America. Randazzo's declaration stated:

> 11.    The owner of the Note and Mortgage for a particular a [sic] mortgage loan is commonly referred to in the loan servicing industry as the Investor. The Investor for this mortgage loan is the **Plaintiff** [Nationstar Mortgage LLC].

(Emphasis added.)

But Randazzo's declaration also stated:

> 12.    The owner of the Note and Mortgage for a particular mortgage loan is commonly referred to in the loan servicing industry as the Investor. The Investor for this mortgage loan is **Federal National Mortgage Association** ("Fannie Mae").
>
> 13.    Nationstar maintains all the day to day loan documents, records and accounting of payments on the Loan being foreclosed in this action including all documents and business records acquired by **Fannie Mae** when it purchased the subject mortgage loan.
>
> 14.    Under the terms of Nationstar's servicing arrangement, **Fannie Mae** does not participate in, keep and maintain any of the day to day loan documents, inputting of accounting data, saving of business records and all communications with borrowers.

---

[2]    "When specially indorsed, an instrument becomes payable to the identified person and may be negotiated only by the indorsement of that person." Hawaii Revised Statutes § 490:3-205 (2008).

> 15.  *Fannie Mae*, as the Investor, has a passive role with the primary emphasis on tracking its return on investment.  In terms of routine business records on the Loan, Nationstar acts as the sole custodian of Plaintiff's [sic] records, except when they are delivered to Plaintiff's attorney as agents for the Plaintiff [sic].
>
> 16.  *Nationstar* became Plaintiff's [sic] *loan servicer* for the Loan being foreclosed in this action on 09/30/2012.
>
> . . . .
>
> 24.  The prior *loan servicer* [sic] for this mortgage loan was *Bank of America*, N.A. ("Prior Servicer").  Bank of America, N.A. acted as servicer for the original lender Golen [sic] Empire Mortgage, Inc. dba Senior Independence Hawaii.
>
> 25.  Upon becoming *Fannie Mae's* loan servicer, Nationstar took possession of the loan documents and business records of the Prior Servicer and incorporated all such records into the business records of Nationstar.
>
> . . . .
>
> 28.  The Prior Servicer's records are regularly used and relied upon by Nationstar in all dealings with all the borrowers, in reporting all profit and loss on the mortgage loans to *Fannie Mae*, in the preparation, filing and payment of income taxes dependent upon such information, and in evaluating Nationstar's own job performance.

(Emphasis added.)  Randazzo's declaration is ambiguous about the identity of the "Investor" for Lim's reverse mortgage.  It also calls into question how Nationstar came into possession of, and incorporated into its business records, the records purportedly authenticated by Randazzo.

The plaintiff in Verhagen offered these circumstances to indicate the trustworthiness of its incorporated records:

> The information regarding the Loan transferred to Caliber from the Prior Servicer has been validated in many ways, including, but not limited to, going through a due diligence phase, review of hard copy documents, and review of the payment history and accounting of other fees, costs, and expenses charged to the Loan by Prior Servicer.

Verhagen, 149 Hawaiʻi at 326, 489 P.3d at 430.  The supreme court held:

> Though scant, this testimony establishes circumstances indicating the trustworthiness of Caliber's incorporated records.  It is evidence that before incorporating JPMorgan

4

> Chase's documents, Caliber reviewed hard copies of the documents, engaged in a "due diligence" process, and reviewed the payment history and accounting associated with the loan. JPMorgan Chase's documents were not, in other words, uncritically incorporated into Caliber's own. They were vetted by Caliber. This pre-incorporation vetting, however nebulously described by Patterson's testimony, is a circumstance that indicates the trustworthiness of the documents.

Id.

The plaintiff in Yata offered these circumstances to indicate the trustworthiness of its incorporated records:

> It is the regular business practice of SLS to integrate prior servicers' records into SLS's business records, and to rely upon the accuracy of those boarded records in providing its loan servicing functions. These prior servicer records are integrated and relied upon by SLS as part of SLS's business records.

Yata, 152 Hawaiʻi at 334, 526 P.3d at 311. The supreme court held that

> the Mountes and McCloskey Declarations do not provide sufficient "circumstances that indicate the trustworthiness of the documents." With regard to circumstances indicating trustworthiness, the Mountes and McCloskey Declarations state that "SLS maintains quality control and verification procedures as part of the boarding process to ensure the accuracy of the boarded records." The declarations in Verhagen provided specific methods of validation of documents from the prior loan servicer, "including, but not limited to, going through a due diligence phase, review of hard copy documents, and review of the payment history and account of other fees, costs, and expenses charged to the Loan by Prior Servicer." The Mountes and McCloskey Declarations merely assert that SLS has "quality control and verification procedures" to ensure the accuracy of incorporated records ***without stating what those procedures are***. This court noted that the testimony indicating circumstances of trustworthiness in Verhagen was "scant" and "nebulously described" circumstances of trustworthiness. Here, there is even less testimony describing circumstances of trustworthiness. Thus, it appears that the third Behrendt requirement was not satisfied, and the documents attached to the Mountes and McCloskey Declarations were not admissible.

Id. at 335, 526 P.3d at 312 (cleaned up).

Randazzo's declaration states:

> 26. Before the Prior Servicer's records were incorporated into Nationstar's own business records, it

> conducted an independent check into the Prior Servicer's records and found them in keeping with industry wide loan servicing standards and only integrated them into Nationstar's own business records after finding the Prior Servicer's records were made as part of a regularly conducted activity, met industry standards and determined to be trustworthy.

Like the declarations in <u>Yata</u>, Randazzo's declaration doesn't sufficiently specify what procedures Nationstar followed for its "independent check" to determine whether the incorporated records were trustworthy, or from where they came.

For these reasons, we hold that Nationstar did not sustain its burden as the summary judgment movant in a foreclosure action. We need not address Amina's other arguments. We vacate the Judgment entered by the circuit court on January 29, 2020, and remand for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, December 12, 2023.

Donna M. Amina,
Self-represented Defendant-
Appellant.

Charles R. Prather,
Jason L. Cotton,
Peter T. Stone,
for Plaintiff-Appellee
Nationstar Mortgage LLC.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge